**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John Harry Allen,<br>　　　　　Petitioner,<br>vs.<br>Meg Savage, et al.,<br>　　　　　Respondents. | CV 04-02795-PHX-NVW (JCG)<br>**REPORT AND<br>RECOMMENDATION** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Dkt 1.) Named as Respondent in the Petition is Meg Savage. The Attorney General of the State of Arizona is named as an additional Respondent. Respondents filed an Answer ("Answer") to the Petition on June 6, 2005, with exhibits A through M attached. (Dkt 11.)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge James C. Carruth for a Report and Recommendation, and reassigned, on May 4, 2005 to Magistrate Judge Jennifer C. Guerin.

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the Petition.

## PROCEDURAL BACKGROUND

### Trial Court Proceedings

Petitioner, John Harry Allen, was indicted by two separate grand juries of twenty-one charges involving sexual offenses against minor victims. In September 2000, Petitioner was charged with sixteen sexual offenses against two minor victims under the age of 15,

committed from 1990 to 1999; it was alleged that fifteen of the offenses were dangerous crimes against children (A.R.S. section 13-604.01). (Ex. A.)[1] In November 2000, a second grand jury charged Petitioner with three counts of sexual conduct with a minor and two counts of child molestation, a dangerous crime against children, all charges involving a third victim. (Ex. B.)

The cases were consolidated. In July, 2002, Petitioner entered a plea agreement and plead guilty to two counts of child molestation, class 2 felonies, and one count of attempted child molestation, a class 3 felony, in exchange for the dismissal with prejudice of the remaining charges. (Ex. C.) The trial court sentenced Petitioner to presumptive, consecutive sentences of imprisonment totaling 44 years. (Ex. D.)

## Petition for Post-Conviction Relief (Rule 32)

On July 19, 2002, Petitioner filed in state court a Notice of Post-Conviction Relief. (Ex. E.) In November, 2002, Petitioner, through counsel, filed a Supplement to the Notice of Post-Conviction Relief, a Motion to Withdraw, and a Motion for Leave to Allow Supplemental Pro Se Memorandum, indicating that after review of the record counsel was unable to find any claims for relief to raise, asking that the court permit Petitioner additional time to file a petition in *propria persona*, and requesting leave to withdraw from representation. (Ex. F.) The court permitted counsel to withdraw and allowed Petitioner an additional 60 days to file a supplemental petition. (Ex. G.)

On December 31, 2002, Petitioner filed a Petition for Post-Conviction relief, which consisted of a pre-printed form. The Petitioner checked certain boxes on the form, indicating the issues he wished to raise. (Ex. I.) The Petitioner did not file a Memorandum of Points and Authorities explaining why he was entitled to relief despite being given additional time by the Court. (Exs. J & K.) On the pre-printed form, in response to the statement, "Petitioner is eligible for relief because of", Petitioner checked the following boxes:

(1) Any other infringement of the right against self-incrimination;

---

[1] All references to exhibits are to those exhibits attached to the Respondents' Answer.

2

(2) The denial of the constitutional right to representation by a competent lawyer at every critical stage of the proceeding;

(3) The unconstitutional suppression of evidence by the state;

(4) The unconstitutional use by the state of perjured testimony;

(5) An unlawfully induced plea of guilty or no contest;

(6) Violation of the right not to be placed twice in jeopardy for the same offense;

(7) Sentence imposed other than in accordance with the sentencing procedures established by rule and statute;

(8) The failure of petitioner's attorney to file a timely notice of appeal after being instructed to do so.

(Ex. I.) There are additional handwritten notes below the checked grounds for relief, however, the only clearly legible note reads "My family wants me dead so the Judge gave me an extra 24 year." The note below the ineffective assistance grounds appears to be related to the number of attorneys who represented Petitioner. (*Id.*)[2] In response to questions on the form pertaining to supporting exhibits, the Petitioner indicated that he did not possess affidavits or records and added the notation: "Inmate mentally ill." (*Id.*)[3]

Petitioner did not request release from custody or a new trial in his Rule 32 petition. Rather, he requested correction of his sentence and, under the category of "other relief", wrote that the Presentence Report stated there were more than two victims, but that he "had nothing to do with" one of the victims [C.A.] and "they can't prove [he] did. They need to prove it." (*Id.*)[4] Finally, in a Financial Statement and Request for Appointment of Counsel filed the same day, Petitioner requested appointment of counsel. (Ex. H.)

---

[2] The Petition for Writ of Habeas Corpus indicates that Petitioner was represented at the preliminary hearing and arraignment by one attorney, by a different attorney at plea proceedings and by a third attorney at sentencing and a fourth attorney on post-conviction relief petition. (Dkt 1, p. 4.)

[3] According to documents filed with the trial court by counsel, Petitioner had been previously found incompetent to stand trail; he was treated at the Arizona State Hospital ("ASH") and his competency restored. (Ex. F.)

[4] Although he was indicted on charges arising from sexual conduct with C.A., those charges were dismissed as a result of the plea agreement. (Ex. D.)

3

The trial court, noting the previous appointment of counsel, denied Petitioner's request for counsel and granted Petitioner additional time to supplement his petition. (Ex. J.) No additional pleadings were received by the court, and the court, after reviewing the petition and the record, dismissed the petition on February 10, 2002. (Ex. K.)

### Petition for Review

On May 13, 2003, Petitioner filed a Petition for Review in the Arizona Court of Appeals. (Ex. L.) In his Petition, Petitioner requested that the Court of Appeals carefully review Dr. Johnson's sealed report and wrote that he pled guilty but insane and should have been sentenced to the Arizona State Hospital for evaluation and not to prison. In the remainder the petition, the Petitioner admitted his crime against his granddaughter, but claimed that it did not go on for the length of time alleged and that he had discontinued abusing her two years before he was arrested; he also denied involvement with victim C.A. (Ex. L.) The Respondents generously extrapolate the following claims from the petition:

(1) Was Petitioner's guilty plea lawfully induced?

(2) Did Petitioner plead guilty but insane?

(3) Would the appellate court review a doctor's report and determine if Petitioner should be sentenced to a mental health facility?

(4) Was Petitioner's sentence imposed in accordance with sentencing procedures established by rule and statute?

(5) Did the victims lie about Petitioner's offense?

The Court of Appeals denied review on April 9, 2004. (Ex. M.)[5]

### Petition for Federal Habeas Corpus

On December 6, 2004, Petitioner timely filed his Petition for Writ of Habeas Corpus, raising a single claim. Petitioner alleges that his trial counsel failed to defend him in

---

[5] Petitioner incorrectly indicates in the Petition for Writ of Habeas Corpus that: (1) he directly appealed his conviction to the state supreme court and (2) the appellate court granted his petition for post-conviction relief. Under Rule 17.1(e), Arizona Rules of Criminal Procedure, Petitioner waived his right to direct appeal by pleading guilty and could seek review only by filing a petition for post-conviction relief pursuant to Rule 32. The Appellate Court order clearly indicates that it denied the petition for review. (Ex. M.)

4

violation of his Sixth Amendment right to effective assistance of counsel. In their Answer, Respondents argue that the Petition should be dismissed because Petitioner failed to exhaust his state court remedies: (1) he failed to present his claim to the Arizona Supreme Court and (2) he failed to fairly present his claims as a federal claim, to the state trial or appellate court.

## DISCUSSION

### Standard Review

The writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The District Courts's standard of review is described as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### Exhaustion

An application for writ of habeas corpus shall not be granted unless the applicant has exhausted the remedies available in the courts of the State, there is an absence of available State corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1). This requirement of exhaustion is designed to give the State an initial opportunity to pass upon and correct alleged violations

5

of its prisoners' federal rights. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971).

Generally, there are two methods by which a petitioner may satisfy the exhaustion requirement. First, a petitioner may actually exhaust his claims by providing the state court with an opportunity to review the facts and legal theories in a procedurally appropriate manner. In order to actually exhaust his or her claims, a petitioner must fairly present the federal claims to the state courts; this means that a petitioner is required to present the state courts with the same claim he urges upon the federal courts. 404 U.S. at 275-276, 92 S.Ct. at 512. A state court must be alerted to the fact that a petitioner is asserting a claim under the United States Constitution. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 888 (1995). It is not enough to present the state court with only the facts necessary to state a claim for relief, nor to make a general appeal to a constitutional guarantee as broad as due process. *Gray v. Netherland*, 518 U.S. 152, 163, 117 S.Ct. 2074, 2081 (1996). Mere similarity between claims of state and federal error is also insufficient to establish exhaustion. *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000) (citing *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999)). A petitioner must make the federal basis of a claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir.2001). In Arizona, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

A second form of exhaustion, "technical exhaustion" can be demonstrated by showing either that a state court found a claim defaulted on procedural grounds or, if the claim was never presented in any forum, that no state remedies remain available to the petitioner.

If a claim has not been "fairly presented" in the state courts, but state procedural rules bar the petitioner from seeking relief on that claim, the exhaustion requirement is excused.

6

*Gray v. Netherland*, 518 U.S. 152, 161, 116 S.Ct. 2074 (1996). However, in such cases, the petitioner's claim is said to be procedurally defaulted. *Colemen v. Thompson*, 501 US 722, 111 S.Ct. 2546 (1991). When a claim is procedurally defaulted, a federal court will not consider the claim on the merits unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id*. If a claim has never been presented to the state court, a federal habeas court may determine whether state remedies remain available. *See Harris v. Reed*, 489 U.S. 255, 269-70 (1989); *Teague v. Lane*, 489 U.S. 288, 298-99.[6]

Rule 32 of the Arizona Rules of Criminal Procedure procedurally bars Petitioner from seeking relief on claims he did not previously raise. Rule 32.1 of the Arizona Rules of Criminal Procedure allows a defendant to seek post-conviction relief on the ground that his conviction was in violation of the Constitution of the United States. Ariz. R. Crim. P. 32.1(a). The rule, however, bars relief with respect to any claim which could have been raised in a prior Rule 32 petition for post-conviction relief, with certain exceptions not applicable here. See Rule 32.1, sections (d)-(h). Furthermore, Rule 32.4 (a) requires that a petition for post-conviction relief be filed within 90 days of the entry of judgment and sentence or 30 days after the issuance of the order and mandate in the direct appeal, whichever is later. See Ariz. R. Crim. P. 32.4(a). Again, the exceptions to this requirement are claims asserted under subsections (d) through (h) of Rule 32.1, which are not applicable here. Ariz. R. Crim. P. 32.4(a). Thus, Rule 32 provides an adequate and independent state ground barring Petitioner from now raising his claims in state court proceedings and thereby creates a procedural default for purposes of federal habease review.

---

[6] Although the Ninth Circuit has recently suggested that under Rule 32.2(a)(3), there are exceptions to the rule that a District Court can make such a determination for claims which require a knowing, voluntary, and intelligent waiver, *see Cassett*, v. *Stewart*, 406 F.3d 614, (9th Cir. 2005), this Court does not address such waiver because it has not been affirmatively raised by the petitioner. *See Beaty v. Stewart*, 303 F.3d 975, 987 & n.5 (9th Cir. 2002).

## ANALYSIS

Respondents argue that Petitioner failed to exhaust his state court remedies because he did not petition the Arizona Supreme Court for review of the Court of Appeals' denial of his Petition for Review. In support, Respondents cite *Baldwin v. Reese*, 541 U.S. 27 (2004). In *Baldwin*, the Supreme Court addressed the question of what constituted notice of the federal nature of a claim sufficient to satisfy the fair presentment requirement found in 28 U.S.C. § 2254(b)(1). In laying the groundwork for its decision, the Supreme Court stated that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." 541 U.S. at 29 (citations omitted). According to the Respondents, *Baldwin* effectively overruled *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), in which the Ninth Circuit held that in non-capital cases, appeal to the Arizona Supreme Court was unnecessary to exhaust state remedies. 196 Ariz. at 1010.

Respondents urge this Court to conclude that *Swoopes* has been overruled by *Baldwin* and to dismiss Petitioner's claim because he did not present his claim to the Arizona Supreme Court. This Court notes that the Respondents have raised this argument in many of its answers to petitions for writ of habeas corpus. The Ninth Circuit, however, appears to have rejected this very argument, and continues to cite *Swoopes* for the proposition Respondents suggest was overruled. For example, in *Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005), the court stated as a matter of fact that "[i]n cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" 399 F.3d at 998, n. 3 (quoting *Swoopes*, 196 Ariz. at 1010). At least one other circuit has also cited *Swoopes* for this proposition without questioning its continuing validity. *See Lambert v. Blackwell,* 387 F.3d 210 (3rd Cir. 2004). Given that Ninth Circuit holdings are binding on this Court, the Court declines to recommend that Petitioner's claims be denied on the ground that *Swoopes* was overruled.

Respondents also argue that the Petition should be dismissed because the Petitioner

1   failed to present fairly his federal claim to the state court. As noted above, a petitioner must
2   make the federal basis of a claim explicit either by citing federal law or the decisions of
3   federal courts. *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247
4   F.3d 904 (9th Cir.2001),quoting *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999).
5   Petitioner must give the Arizona courts "a 'fair opportunity' to act on his federal due process
6   claim before presenting it to the federal courts." *Castillo v. McFadden*, 399 F.3d 993 (9th Cir.
7   2005) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 119 S.Ct. 1728 (1999); *Peterson
8   v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). Petitioner must apprise the
9   Arizona Courts that he is making a claim under the U.S. Constitution, and describe both the
10  operative facts and the federal legal theory on which his claim is based. *Castillo*, 399 F.3d
11  at 998-99 (citations omitted).

12        Petitioner has failed to present the claim of ineffective assistance of counsel, raised
13  in his Petition, to the state court in a manner which would alert the state court to the federal
14  nature of his claim. Although Petitioner checked the box on the Rule 32 Petition for Post-
15  Conviction Relief form that he was denied the "constitutional right to representation by a
16  competent lawyer at every critical stage of the proceeding," he did not describe in any
17  manner how his Sixth Amendment Rights were implicated even when given an opportunity
18  to do so. He did not cite the Sixth Amendment or provide any facts indicating dissatisfaction
19  with the representation he received. He only made reference to the number of attorneys who
20  had represented him. In his Petition for Review before the Court of Appeals, Petitioner failed
21  to reference representation or counsel issues at all.

22        Petitioner would now be barred from returning to state court to raise his claim of
23  ineffective assistance of counsel, pursuant to Arizona Rules of Criminal Procedure 32.2 and
24  32.4(a). The exceptions to the state's procedural bar are narrow, and the issues raised by
25  Petitioner fall outside of this narrow classification. Because Petitioner has failed to
26  demonstrate cause and prejudice for this procedural default, federal habeas review is
27  precluded as a matter of law with respect to this claim. *See* 28 U.S.C. § 2254(b).
28  Accordingly, this Court recommends that the District Court find that Petitioner has

procedurally defaulted his claim by failing to raise it before the trial court and court of appeals.

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss Petitioner's Petition for Writ of Habeas Corpus (Dkt 1).

Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 04-2795-PHX-NVW**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

**DATED** this 26th day of October, 2006.

_____
Jennifer C. Guerin
United States Magistrate Judge